## Richmond

CHRIS REYNARD MILLER

v.

COMMONWEALTH OF VIRGINIA

No. 0427-86

Decided September 1, 1987

COUNSEL

Gary L. Denton (Beale, Wright, Denton, Balfour & Davidson, P.C., on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLE, J.** — Chris Reynard Miller was tried by jury and convicted of malicious wounding and use of a firearm in the commission of a felony in violation of Code §§ 18.2-51 and 18.2-53.1. On appeal, he contends that the trial court erred in refusing to instruct the jury on the lesser included offense of unlawful wounding. We agree and reverse the conviction.

On the morning of January 19, 1986, the victim purchased a package of heroin from Miller for $25. Later, the victim became angry when he realized that the amount of heroin in the package "wasn't enough . . . to use." He approached Miller in a convenience store and started a fight with him. No weapons were involved and after about thirty seconds a security guard broke up the fight. The victim then went to talk to a friend of his in the parking lot while Miller walked across the street toward a crowd of people. Miller asked for and obtained a gun from one of the

bystanders in the crowd who also showed him how to fire the automatic handgun. Several people in the crowd tried unsuccessfully to restrain Miller as he walked toward the victim and fired two shots. Approximately one or two minutes elapsed between the time the fight ended and the shooting occurred. The first shot missed, but the second shot struck the victim in the side and spinal cord, causing permanent paralysis. During the trial Miller admitted that he shot the victim because he was angry and because he "wanted to get even." The trial court refused to instruct the jury on unlawful wounding and Miller was convicted of malicious wounding and use of a firearm in the commission of that offense.

■ If there is any evidence that would support a conviction for the lesser included offense, the trial court must, upon request of counsel, instruct the jury as to the lesser included offense. *See, e.g., Barrett v. Commonwealth,* 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986); *McClung v. Commonwealth,* 215 Va. 654, 657, 212 S.E.2d 290, 292 (1975). An instruction, however, must be based on more than a scintilla of evidence. *Gibson v. Commonwealth,* 216 Va. 412, 417, 219 S.E.2d 845, 849 (1975), *cert. denied,* 425 U.S. 994 (1976).

Code § 18.2-51 provides:

> If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

■ Unlawful wounding is a lesser included offense of malicious wounding. The element of malice constitutes the distinction between malicious and unlawful wounding. *See Barrett,* 231 Va. at 105-06, 341 S.E.2d at 192. In this case, the trial court gave the following instruction defining the term "maliciously:"

> [I]ntentionally doing a wrongful act to another without legal excuse or justification. Maliciously implies that the mind of the actor is under the control of reason. It excludes heat of

passion. Malice and heat of passion cannot co-exist. It includes not only anger, hatred or revenge, but every unlawful or unjustifiable motive. Malice may be inferred from any willful, deliberate and cruel act against another.

*See 2 Virginia Model Jury Instructions, Criminal* 73 (1986); *Thomas v. Commonwealth*, 186 Va. 131, 139, 41 S.E.2d 476, 480 (1947).

 We must determine whether there is any evidence in the record to indicate that Miller acted in the "heat of passion" and without malice. Where a defendant produces evidence that he acted in the heat of passion, he is entitled to an instruction on the lesser offense of unlawful wounding. If the evidence as a whole raises a reasonable doubt that he acted maliciously, he is entitled to a verdict on the lesser charge. *See Hodge v. Commonwealth*, 217 Va. 338, 345, 228 S.E.2d 692, 697 (1976). Heat of passion may result when one is provoked to fear or rage or both. *See McClung*, 215 Va. at 657, 212 S.E.2d at 292. In order to determine whether the accused acted in the heat of passion, it is necessary to consider the nature and degree of provocation as well as the manner in which it was resisted. *Ballard v. Commonwealth*, 156 Va. 980, 993, 159 S.E. 222, 226 (1931); *Richardson v. Commonwealth*, 128 Va. 691, 695, 104 S.E. 788, 790 (1920); *Read's Case*, 63 Va. (22 Gratt.) 924, 939 (1872). If all of the evidence demonstrates that the accused reflected or deliberated, that his passion cooled, or that there was reasonable time or opportunity for cooling, then the wounding is attributable to malice and not heat of passion. *M'Whirt's Case*, 44 Va. (3 Gratt.) 566, 577 (1846). In short, the trial court must consider all of the circumstances in evidence. *See Moxley v. Commonwealth*, 195 Va. 151, 158, 77 S.E.2d 389, 393 (1953).

 Generally, whether the accused acted in the heat of passion is a question of fact for the jury. *See Barrett*, 231 Va. at 106, 341 S.E.2d at 192; *McClung*, 215 Va. at 656, 212 S.E.2d at 292.

Only when the trial court, giving the defendant the benefit of every reasonable inference from the evidence, can say that the minds of reasonable men could not differ does the question become one of law. Subject to the same standards, it is also a question of fact whether the defendant committed the homicide before or after his passion had cooled.

*McClung*, 215 Va. at 656, 212 S.E.2d at 292 (citations omitted).

After reviewing the evidence in this case and giving Miller every reasonable inference, we find that there is evidence to support his theory of unlawful wounding. The evidence indicated that the fight was provoked by the victim and the shooting occurred several minutes thereafter. There was evidence that prior to the shooting, Miller was upset and was shouting for someone to give him a gun. After he obtained the gun several people tried unsuccessfully to restrain him. Miller fired two shots; one missed and one struck the victim's side. A jury could find from the evidence that Miller did not act maliciously, but acted upon a reasonable provocation, in the heat of passion.

> It is immaterial that the jury might have rejected the lesser included offense; if there is evidence tending to support the lesser offense, a trial court errs in refusing an instruction thereon.

*Barrett*, 231 Va. at 107, 341 S.E.2d at 193 (citations omitted).

Accordingly, this case is reversed and remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Benton, J., and Keenan, J., concurred.