**Salem**

GREGORY DARRELL LEA

v.

COMMONWEALTH OF VIRGINIA

No. 1914-91-3

Decided April 27, 1993

COUNSEL

J. Patterson Rogers, III for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Gregory Darrell Lea was convicted of one count of burglary with intent to commit a felony and one count of assault and battery. Lea appeals on the grounds that (1) the evidence was insufficient to identify him as the perpetrator of the crimes, and (2) the trial judge erred by denying his jury instruction on the lesser-included offense of burglary with intent to commit a misdemeanor. Upon review of the record, we hold that the evidence was sufficient to support

Lea's conviction and that the trial judge did not err by refusing to instruct the jury on burglary with intent to commit a misdemeanor. Accordingly, we affirm Lea's convictions.

Sandra Payne lived alone in Cabin Lake Apartments in Danville. On May 11, 1991, between 2:10 and 2:25 a.m., a man broke into Payne's apartment while she was in bed. When she heard the noise of someone attempting to enter, she ran into the living room and saw a man trying to come through her front door. Payne rushed toward the door to push him out. After one or two minutes of struggling, the man pushed his way into the apartment. All the lights were on in the apartment, and Payne could see the face of the man, whom she recognized as the boyfriend of another woman in the same building.

The man began to grab at Payne, and he tore the collar of her nightgown. The man twice pushed Payne toward the fireplace and told her to "shut up" and to "move," pushing her in the direction of the bedroom. When Payne attempted to scream, the man tried to put his hand over her mouth. As Payne continued to fight the man off, her glasses were knocked from her face. Eventually, she screamed for help, and the man ran out the front door.

Payne called the police and described her assailant as a light-skinned black man between 5'6" and 5'8" tall, weighing between one hundred forty and one hundred fifty pounds, and wearing a white shirt and white pants. She also gave police the license number of the car of the assailant's girlfriend. Payne later identified Lea as her assailant from both a photo spread and from a lineup.

Detective Jackson Brown interviewed Lea on May 20, 1991. Lea told Brown that on May 11, 1991, he sat in the parking lot in front of Sandra Payne's building waiting for his girlfriend, Judy Williams, from midnight until 2:00 a.m. Lea said that at about 2:00 a.m., he left and went to Trudy Johnson's house, approximately one quarter of a mile away, and stayed there until 6:00 a.m. Lea acknowledged that he knew Sandra Payne.

Lea was indicted for statutory burglary with intent to commit a felony and attempted rape. At trial, Lea testified that he was not the person who entered Payne's apartment and assaulted her and that he had an alibi. He stated that on May 11, he had gone to Trudy Johnson's house no later than 2:05 a.m. and that from there, he had called Judy Williams between 2:20 and 2:30 a.m. while Trudy Johnson was

out of the room. Judy Williams testified on Lea's behalf. She confirmed that Lea had called her on the morning of May 11, 1991, at approximately 2:20 or 2:30 a.m. On cross-examination, however, she admitted that she was not certain of the day that Lea had called her, but that it had been either a Saturday or Sunday. She also admitted that Lea's call came at about 2:30 or 2:40 a.m. Trudy Johnson testified that Lea had come to her house on either a Friday or Saturday night sometime in May between 2:00 and 3:00 a.m. She acknowledged during cross-examination that she had told Detective Brown that Lea had come to her house on either May 4 or May 18 and that he had arrived between 3:00 and 3:30 a.m. She also stated that Cabin Lake Apartments were approximately a five-minute walk from her home.

At the close of evidence, the trial judge instructed the jury on attempted rape and the lesser-included offense of assault and battery and on burglary with the intent to commit a felony. However, the judge refused to instruct the jury, over objection by the defendant, on the lesser-included offense of burglary with the intent to commit a misdemeanor. The jury found Lea guilty of burglary with intent to commit a felony and of assault and battery. Lea contends that the evidence that justified the giving of an assault and battery instruction also justified the giving of an instruction on burglary with the intent to commit assault and battery, which is a misdemeanor.

I.

The evidence was sufficient to prove that Lea was the person who committed the crimes against Sandra Payne on the night of May 11, 1991. When sufficiency of the evidence is challenged on appeal, the court must consider the evidence in the light most favorable to the Commonwealth. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975); *Traverso v. Commonwealth*, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). An appellate court must discard all evidence of the accused that conflicts with that of the Commonwealth and regard as true all credible evidence favorable to the Commonwealth and all fair inferences reasonably deducible therefrom. *Norman v. Commonwealth*, 2 Va. App. 518, 520, 346 S.E.2d 44, 45 (1986). A trial court's judgment approving a jury verdict will not be disturbed on appeal unless contrary to the law or plainly wrong. *Gray v. Commonwealth*, 233 Va. 313, 344, 356 S.E.2d 157, 174, *cert. denied*, 484 U.S. 873 (1987).

The alibi witnesses presented testimony that Lea could not have been the person who assaulted Sandra Payne and burglarized her home. The jury accepted Payne's testimony that it was Lea who assaulted her and broke into her apartment. The jury rejected the defense witnesses' testimony that Lea was at Trudy Johnson's apartment at the time of the attack. Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the jury, which has the unique opportunity to observe the demeanor of the witnesses as they testify. *Schneider v. Commonwealth*, 230 Va. 379, 383, 337 S.E.2d 735, 736-37 (1985); *Collins v. Commonwealth*, 13 Va. App. 177, 179, 409 S.E.2d 175, 176 (1991). The jury's finding that a particular witness was credible will not be reversed on appeal unless plainly wrong or without evidence to support it. *Gray*, 233 Va. at 344, 356 S.E.2d at 174; *Robertson v. Commonwealth*, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991). Based on Payne's previous contact with Lea, her lengthy opportunity to observe him on the night of the attack, and her positive pre-trial and in-court identification of Lea, the jury's finding that Payne was a credible witness was supported by the evidence and will not be disturbed on appeal.

## II.

The trial court did not err by refusing to instruct the jury on the lesser-included offense of breaking and entering with the intent to commit a misdemeanor. When the denial of jury instructions is challenged on appeal, the court must determine whether " 'the law has been clearly stated and [whether] the instructions cover all issues which the evidence fairly raises.' " *Darnell v. Commonwealth*, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting *Swisher v. Swisher*, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). If credible evidence supports the giving of an instruction to the jury on a particular theory of the case, it is reversible error not to give the instruction. *McClung v. Commonwealth*, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975); *Martin v. Commonwealth*, 13 Va. App. 524, 528, 414 S.E.2d 401, 403 (1992) (en banc). An instruction that is not supported by the evidence, however, is properly refused. *Frye v. Commonwealth*, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986); *Bennett v. Commonwealth*, 8 Va. App. 228, 234, 380 S.E.2d 17, 21 (1989).

If any evidence exists that would support a conviction for a lesser-included offense, the trial court must, upon request of counsel, instruct the jury as to the lesser-included offense. *Miller v. Commonwealth*, 5 Va. App. 22, 24, 359 S.E.2d 841, 842 (1987);

*Taylor v. Commonwealth*, 11 Va. App. 649, 651, 400 S.E.2d 794, 795 (1991). In determining whether to instruct the jury on a lesser-included offense, the evidence must be viewed in the light most favorable to the accused's theory of the case. *Barrett v. Commonwealth*, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986). "An instruction [on a lesser included offense], however, must be based on more than a scintilla of evidence." *Miller*, 5 Va. App. at 24, 359 S.E.2d at 842; *see also Johnson v. Commonwealth*, 2 Va. App. 447, 458, 345 S.E.2d 303, 309 (1986); *Stewart v. Commonwealth*, 10 Va. App. 563, 570, 394 S.E.2d 509, 513 (1990). Furthermore, if the "evidence tends to sustain both the prosecution's and the defense's theory of the case, the trial judge is required to give requested instructions covering both theories." *Diffendal v. Commonwealth*, 8 Va. App. 417, 422, 382 S.E.2d 24, 26 (1989).

The trial judge properly instructed the jury on the prosecution's theory of burglary with intent to commit a felony. Credible evidence was presented that tended to support the prosecution's theory that Lea broke into and entered Sandra Payne's apartment with the intent to rape her. Once Lea had forced his way into Payne's apartment, he engaged in a physical struggle with Payne for several minutes, grabbing at Payne, tearing the collar of her nightgown, and commanding her to go into the bedroom.

The record is devoid of any evidence that tends to prove that when Lea entered the apartment, he did so with the intent to commit assault and battery or some other misdemeanor. Consequently, the trial judge properly refused Lea's instruction on the lesser-included offense. *See Frye*, 231 Va. at 388, 345 S.E.2d at 280; *Bennett*, 8 Va. App. at 234, 380 S.E.2d at 21.

Just because Lea committed the misdemeanor of assault and battery before Payne was able to thwart his intended criminal enterprise does not mean that he may have entered Payne's apartment with the intention of simply assaulting or battering her, or with the intent to commit some other misdemeanor. Lea's intention at the time he entered must be determined from the circumstances surrounding the entry as they reasonably appeared at that time and not simply by considering what he was able to accomplish. *See Hammer v. Commonwealth*, 207 Va. 165, 169, 148 S.E.2d 896, 898 (1966); *Jones v. Commonwealth*, 208 Va. 370, 376, 157 S.E.2d 907, 911 (1967). Furthermore, the fact that the jury was instructed on assault and battery and ultimately found Lea guilty of the misdemeanor offense has no bearing upon the propriety

of the trial judge's decision not to instruct the jury on burglary with intent to commit a misdemeanor.

The pertinent inquiry is not whether Lea committed an assault and battery; instead, the issue is whether the evidence fairly raised the issue whether he may have intended only to commit an assault and battery or some other misdemeanor when he broke and entered Payne's apartment. Only by disregarding undisputed credible evidence and focusing only upon the fact that Lea ultimately succeeded in committing a misdemeanor can one argue that the evidence supports a theory that he intended to commit an assault and battery or some other misdemeanor. To warrant giving a lesser-included offense instruction, the trial judge may not disregard credible evidence to create a version of facts that will fit the defendant's theory of the case. There is no evidence, other than the fact that Lea committed an assault and battery, that is consistent with his theory that he entered the apartment with the intent to commit a misdemeanor. The defendant's limited view disregards all the other evidence in the record that tends to show that Lea entered the apartment with the intent to rape Sandra Payne, but once inside, abandoned that intent when Payne called out for help and resisted his attack. *See Hammer*, 207 Va. at 169, 148 S.E.2d at 898 (the fact that rape was not consummated did not negate original intent to rape at the time defendant broke into the victim's house, but could properly be interpreted as showing that defendant abandoned his felonious intent after entering the house).

The evidence showed that on May 11, 1991, between 2:00 and 2:30 a.m., a man who had been living in the neighborhood forcibly entered the apartment of a woman who lived there alone. The victim and the defendant had no existing relationship. The victim was clad only in her nightgown at the time he entered. The man tried to grab her and reached for and tore the collar of her nightgown as she fought him off. He attempted to put his hand over her mouth; he told her to "shut up" and to "move" while he pushed her toward the bedroom. He made no effort to take any property or thing of value. Lea's reaching for and tearing Payne's night clothes and his effort to quieten her and get her to the bedroom are not circumstances consistent with an intent to commit a simple assault and battery or other misdemeanor. Accordingly, the trial judge did not err on these facts in refusing to instruct the jury that they could find Lea guilty of burglary with the intent to commit a misdemeanor.

For the reasons stated, we affirm Lea's convictions.

*Affirmed.*

Baker, J., concurred.

Benton, J., dissenting.

"If a proffered instruction finds any support in credible evidence, its refusal is reversible error." *McClung v. Commonwealth*, 215 Va. 654, 657, 212 S.E.2d 290, 293 (1975). In determining the propriety of the trial judge's refusal to instruct the jury on the elements of the offense of breaking and entering with the intent to commit a misdemeanor, we must view the evidence in the light most favorable to Lea. *Martin v. Commonwealth*, 13 Va. App. 524, 526, 414 S.E.2d 401, 401 (1992). I disagree with the majority's conclusion that the evidence was not "consistent with intent to commit a simple assault and battery."

The evidence proved that the victim confronted Lea as Lea was attempting to enter the door of her apartment. She rushed to the door and put her weight against the door to thwart his entry. Because the lights were on in the apartment, she saw his face as she pushed a chair to bar the door. During the struggle in the living room, the victim tried to scream. Lea told the victim to "shut up" and grabbed at the victim's face, trying to put his hand over her mouth. As he grabbed, he knocked her eyeglasses off and tore an elastic string at the top of her nightgown. The fabric of the nightgown was not torn. He then pushed her and told her to "move." After the victim screamed, Lea ran from the apartment.

Based on the evidence, the trial judge instructed the jury on the elements of attempted rape and the elements of misdemeanor assault and battery. The instruction informed the jury that "if you have a reasonable doubt as to whether [Gregory Darrell Lea] is guilty of attempted rape . . . you shall find him guilty of assault and battery." *The jury rejected the Commonwealth's hypothesis that Lea attempted to commit a rape* and found, instead, that Lea committed the misdemeanor offense of assault and battery.

The majority's statement that "[t]here is no evidence, other than the fact that Lea committed an assault and battery, that is consistent with his theory that he entered the apartment with the intent to commit a misdemeanor" states precisely the evidence that supported the instruction. "Where [an offense] has actually been committed [during a

burglary] that is the best evidence of the intent with which the breaking was committed." *Smyth v. Morrison*, 200 Va. 728, 734, 107 S.E.2d 430, 435 (1959). Thus, the same evidence that supported the instruction of assault and battery supported the instruction that the trial judge refused to give concerning breaking and entering with intent to commit a misdemeanor.

Furthermore, the majority's reason for upholding the refusal to instruct the jury on the lesser included offense also ignores other principles of Virginia law. It is an elementary and fundamental principle that intent is the purpose formed in a person's mind, which may be shown by conduct. *Long v. Commonwealth*, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989). The Commonwealth had the burden of proving Lea's intent, and it sought to prove Lea's intent through an inference to be drawn from his words and actions. The inferences to be drawn from the evidence were matters that required consideration by the jury.

> A jury, not the trial court, weighs the evidence and assesses the credibility of the witnesses. It is immaterial that the jury might have rejected the lesser-included offense; if there is evidence tending to support the lesser offense, a trial court errs in refusing an instruction thereon.

*Barrett v. Commonwealth*, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986). The jury's finding that Lea committed an assault and battery established the level of his conduct. That finding demonstrates the invalidity of the majority's assertion that no evidence introduced was consistent with intent to commit assault and battery. Clearly, Lea's actual conduct provided a sufficient evidentiary basis to gauge his intent. *See Smyth*, 200 Va. at 734, 107 S.E.2d at 435.

The majority simply misapplies *Hammer v. Commonwealth*, 207 Va. 165, 148 S.E.2d 896 (1966). Lea does not dispute the principle stated in *Hammer* that:

> [t]he evidence that rape was not consummated does not negate original intent to rape. This evidence *can be* properly *interpreted* as showing only that [the] plan was abandoned.

*Id.* at 169, 148 S.E.2d at 898 (emphasis added). Indeed, that principle supports Lea's argument and is contrary to the majority's holding. What Lea properly asserts on this appeal is that the interpretation of

the evidence for the purpose of inferring his intent was a matter for a properly instructed jury.

The purpose in having a jury hear evidence is to allow the jury to determine whether an accused is guilty or not and to measure the degree of guilt. *Smyth*, 200 Va. at 734, 107 S.E.2d at 434.

> The jury is not required to accept, *in toto*, either the theory of the Commonwealth or that of an accused. They have the right to reject that part of the evidence believed by them to be untrue and to accept that found by them to be true. In so doing, they have broad discretion in applying the law to the facts and in fixing the degree of guilt, if any, of a person charged with a crime.

*Belton v. Commonwealth*, 200 Va. 5, 9, 104 S.E.2d 1, 4 (1958) (citations omitted).

Because the trial judge erred in refusing to instruct the jury in accordance with the evidence that supported Lea's theory of defense, I would reverse the conviction. Accordingly, I dissent.