COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


MATTHEW DOUGLAS HARLEY
                                     MEMORANDUM OPINION[*] BY
v.          Record No. 0843-95-1      JUDGE RICHARD S. BRAY
                                           JULY 9, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                      Dennis F. McMurran, Judge

            Alberto Z. Herrero (Dianne G. Ringer,
            Assistant Public Defender, on brief), for
            appellant.

            Brian Wainger, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


        Matthew Douglas Harley (defendant) was convicted in a bench

trial on two counts of malicious wounding and the related uses of

a firearm.  Defendant complains on appeal that the evidence was

insufficient to establish the requisite malice, proving instead

self-defense, or alternatively, heat of passion.  We disagree and

affirm the convictions.

        The parties are fully conversant with the record in this

case, and we recite only those facts necessary to a disposition

of this appeal.

        Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

therefrom. <u>Martin v. Commonwealth</u>, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it. <u>Id.</u>

On the evening of May 30, 1993, Kenneth Peele and Michael Whitfield, both unarmed, entered a convenience store. Defendant was already inside, visiting the store clerk, and Peele[1] declared to defendant that he wasn't "going to make it out of here tonight," and "asked [him] to step outside." During the encounter, defendant had secretly secured a gun from the stock room and hidden it beneath his shirt. When Peele observed defendant reaching into his pants, he struck defendant in the face with his fist, causing him to fall to the floor. Defendant immediately "got up," removed the weapon from his pants, and began firing. The first bullet struck Whitfield, who had taken no part in the hostile exchanges and was then twelve to fifteen feet away. Defendant continued "shooting [the gun] in the air" and pursued Peele as he fled, wounding him in the shoulder.

"'Malice inheres in the doing of a wrongful act intentionally, or without just cause or excuse, or as a result of ill will.'" <u>Long v. Commonwealth</u>, 8 Va. App. 194, 198, 379 S.E.2d 473, 475 (1989) (citation omitted). Malice may be

---

[1]Approximately two weeks previously, Peele had challenged defendant to a fight and, on another occasion, defendant had shot at Peele.

- 2 -

inferred from the use of a deadly weapon.  Gills v. Commonwealth, 141 Va. 445, 449, 126 S.E. 51, 53 (1925).  The presence of malice is a "'question of fact to be determined by [the trier of fact].'"  Long, 8 Va. App. at 198, 379 S.E.2d at 475-76 (citation omitted).  Malice and heat of passion cannot co-exist.  Miller v. Commonwealth, 5 Va. App. 22, 25, 359 S.E.2d 841, 842 (1987).  Like malice, "whether the accused acted in the heat of passion is a question of fact . . . ."  Id. at 25, 359 S.E.2d at 843.  "In order to determine whether the accused acted in the heat of passion, it is necessary to consider the nature and degree of provocation as well as the manner in which it was resisted."  Id. at 25, 359 S.E.2d at 842.

It is well established that "a person who reasonably apprehends bodily harm by another is privileged to exercise reasonable force to repel the assault . . . . The privilege to use such force is limited by the equally well recognized rule that a person 'shall not, except in extreme cases, endanger human life or do great bodily harm.'"  Diffendal v. Commonwealth, 8 Va. App. 417, 421, 382 S.E.2d 24, 25-26 (1989) (citations omitted).  "Whether an accused proves circumstances sufficient to create a reasonable doubt that he acted in self-defense is a question of fact."  Smith v. Commonwealth, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993).

Here, in response to Peele's threats, defendant armed himself with a gun and advanced toward Peele and Whitfield, both

- 3 -

unarmed.  When Peele struck defendant with his fist, defendant began discharging the weapon and pursuing Peele, seriously wounding both Peele and his uninvolved companion, Whitfield.  Such evidence supports the finding that defendant acted maliciously, not in self-defense or heat of passion.  Accordingly, we affirm the convictions.

Affirmed.