COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia


JAMES EDWARD IRVINE, S/K/A
 JAMES EDWARD IRVINE, JR.
                                    MEMORANDUM OPINION* BY
v.        Record No. 2910-96-3      JUDGE NELSON T. OVERTON
                                       JANUARY 13, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                    George E. Honts, III, Judge

            H. David Natkin, Assistant Public Defender,
            for appellant.

            Eugene Murphy, Assistant Attorney General
            (Richard Cullen, Attorney General; Monica S.
            McElyea, Assistant Attorney General, on
            brief), for appellee.


     James Irvine (defendant) was convicted of malicious wounding

in violation of Code § 18.2-51.  Defendant argues on appeal that

he committed the wounding in the heat of passion, not with

malice, and therefore cannot be guilty of malicious wounding.

Because we find the evidence sufficient to prove malice, we

affirm.

     The parties are fully conversant with the record in the

cause, and because this memorandum opinion carries no

precedential value, no recitation of the facts is necessary.

     "Unlawful wounding is a lesser included offense of malicious

wounding.  The element of malice constitutes the distinction

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

between malicious and unlawful wounding." Miller v. Commonwealth, 5 Va. App. 22, 24, 359 S.E.2d 841, 842 (1987) (citing Barrett v. Commonwealth, 231 Va. 102, 105-06, 341 S.E.2d 190, 192 (1986)). "Implied malice exists when any purposeful, cruel act is committed by one individual against another without any, or without great provocation." Pugh v. Commonwealth, 223 Va. 663, 668, 292 S.E.2d 339, 341 (1982). If, upon review of the evidence, we find that the trial court was plainly wrong when it decided that defendant was acting with malice, we must reverse. "In order to determine whether the accused acted in the heat of passion, it is necessary to consider the nature and degree of provocation as well as the manner in which it was resisted." Miller, 5 Va. App. at 25, 359 S.E.2d at 842 (citing Ballard v. Commonwealth, 156 Va. 980, 993, 159 S.E. 222, 226 (1931)).

In the instant case, it is abundantly clear that defendant acted with malice. The only provocations offered by him to explain his attack were the profanities issued towards him by the victim, the act of the victim in exiting his pickup truck, and the victim's close physical proximity to defendant's wife. Words alone are not adequate provocation. See Martin v. Commonwealth, 184 Va. 1009, 1016-18, 37 S.E.2d 43, 46-47 (1946). Neither exiting one's truck nor simply sitting next to another's wife provides adequate justification either. Under these circumstances we cannot hold that defendant's reaction, to repeatedly strike the victim with a clawed roofing hammer,

2

constituted a reasonable response to the victim's actions.

Because we find sufficient evidence to support the trial court's finding that defendant acted with malice, we affirm the conviction.

<u>Affirmed</u>.