COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Cole and Overton
Argued at Richmond, Virginia


TERRANCE JONES
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1686-98-2          JUDGE MARVIN F. COLE
                                       FEBRUARY 8, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                   Robert G. O'Hara, Jr., Judge

            Connie Louise Edwards (Connie Louise Edwards,
            P.C., on briefs), for appellant.

            Donald E. Jeffrey, III, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Terrance Jones, appellant, appeals his conviction for

malicious wounding.  Appellant contends that the court erred by

failing to consider his "not objected to statements" and that the

evidence was insufficient to support his malicious wounding

conviction.  For the following reasons, we find no error and

affirm the conviction.

                              Facts

     On September 13, 1997, appellant and Michele Kendred went to

appellant's home.  Appellant asked Kendred whether she wanted to

move into his home.  When Kendred refused appellant's offer, he

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

began choking her. Kendred yelled, and appellant grabbed her and pushed her into the bathroom. Appellant hit her in the face with his closed fist, pushed her into the bathtub, and hit her again in the face with his closed fist. Appellant's mother and Baron Daniels intervened. While Daniels struggled with appellant in an effort to stop the attack, Kendred and her two-year-old daughter left appellant's home. Kendred, carrying her daughter, got as far as the yard before appellant grabbed her and hit her in the face until she and her daughter fell to the ground. After Kendred got up, appellant again hit her in the face with his closed fist, and knocked her to the ground. Kendred never pushed or slapped appellant during the attacks. As a result of these attacks, Kendred was bleeding, bruised, swollen and had two black eyes.

At trial, defense witness Daniels testified that he heard appellant say "it ain't right, she smacked me . . . she's in my house, it ain't right." Appellant's mother testified that appellant said "she smacked me and all I was doing was wanting to get dressed to go out."

## Appellant's Statements

Appellant argues that the trial court erred in failing to consider his statements made to his mother and Daniels about Kendred's action before he began assaulting her. The trial court, in response to appellant's argument regarding the sufficiency of the evidence to show heat of passion, commented

-

that "all we have is a hearsay statement of two other persons that's what he said."  Appellant did not object, or present any argument in response to the court's statement.  Moreover, there was no indication that the court refused to consider these statements when considering the evidence.  On appeal, appellant contends that because the Commonwealth had not objected to the statements that were admitted under exceptions to the hearsay rule, the court should have considered the statements.

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  See Rule 5A:18.  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## Sufficiency of the Evidence

In challenging the sufficiency of the evidence supporting his malicious wounding conviction, appellant specifically argues that he acted in the heat of passion, which he contends excludes malice, and that the evidence was insufficient to prove he acted with the requisite intent.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v.

-

<u>Commonwealth</u>, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

So viewed, the evidence proved that appellant choked Kendred, grabbed her and pushed her into the bathtub while hitting her in the face with his closed fist. Kendred never pushed appellant or slapped him during this attack. Appellant's mother and Daniels intervened and were able to end the attack temporarily. Kendred picked up her daughter and tried to leave appellant's house. Appellant followed Kendred outside. Even though Kendred was carrying her daughter and, therefore, could not defend herself, appellant grabbed her and hit her in the face until she and her daughter fell to the ground. When Kendred arose, appellant began hitting her a third time until she fell back to the ground. Photographs admitted at trial showed Kendred shortly after the attacks with a swollen face, bloody nostrils, bruises, and black eyes. Sergeant David Allen, who responded to the scene, recalled at trial that Kendred "had a large amount of blood around her face and forehead area. Her nose was swollen and she was bleeding from her nostrils."

<u>Heat of Passion</u>

To establish the heat of passion defense, an accused must prove he committed the crime with "passion" and upon "reasonable provocation." <u>See</u> <u>Canipe v. Commonwealth</u>, 25 Va. App. 629, 643, 491 S.E.2d 747, 753 (1997). "[I]t is necessary to consider the nature and degree of provocation as well as the manner in which

-

it was resisted."  Miller v. Commonwealth, 5 Va. App. 22, 25, 359 S.E.2d 841, 842 (1987) (citations omitted).  If the evidence demonstrates that there was reasonable opportunity for the accused's passion to cool, or that his passion in fact cooled, then the wounding is attributable to malice and not heat of passion.  See id.  "[T]he trial court must consider all of the circumstances in evidence."  Id.  Whether the accused acted in the heat of passion is a question for the fact finder to determine.  See id.

Kendred refused to move into appellant's home, but neither pushed nor slapped him.  Appellant's mother testified that appellant said Kendred "smacked" him.  Defense witness Daniels testified that appellant complained that Kendred "smacked" him in his own house.  The fact finder believed Kendred's testimony, and rejected the testimony of appellant's mother and Daniels.  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented."  Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove that appellant acted with malice, and not out of the heat of passion, as there was no reasonable provocation.

Even if the fact finder had accepted appellant's evidence that Kendred provoked him, the evidence showed that appellant

-

had the time and opportunity to "cool" down. Appellant's mother and Daniels intervened in the attack, allowing Kendred and her daughter to leave appellant's house. However, appellant did not use the opportunity to "cool" down. Instead, he chased Kendred outside and continued attacking her, even though she was carrying her daughter and was defenseless. Moreover, even if the court had accepted appellant's version that Kendred slapped him, appellant's response of choking her, hitting her continuously with his fists, chasing her outside and hitting her so that she and her daughter fell to the ground, and then hitting her again as she tried to stand, resulting in substantial injuries, is far out of proportion to the "slap." Therefore, the court could still find that appellant acted with malice and not from the heat of passion. See Davidson v. Commonwealth, 167 Va. 451, 455, 187 S.E. 437, 439 (1936) ("if the punishment inflicted for a slight transgression is in its nature out of all reason and beyond all proportion to the offense offered, then the inference of law is that the perpetrator was actuated by malice, and he loses the presumption that the act was done in a moment of human frailty").

Intent to Maim, Disable, Disfigure or Kill

"'[A]n assault with the bare fist may be attended with such circumstances of violence and brutality that an intent to kill will be presumed.'" Williams v. Commonwealth, 13 Va. App. 393,

-

395, 412 S.E.2d 202, 203 (1991) (quoting Roark v. Commonwealth, 182 Va. 244, 250, 28 S.E.2d 693, 695-96 (1944)).

In Williams, the defendant broke into Judy Lovewine's apartment and attacked Alton Biggs. The defendant struck Biggs four or five times with his fists and stopped only when the police arrived. Biggs's eye was disfigured and swollen and required medical treatment. Biggs's jaw was injured and required treatment with antibiotics. We found that the evidence supported the trial court's determination that the attack on Biggs was made by the defendant with the intent to maim, disfigure, disable or kill. See id. at 398, 412 S.E.2d at 205.

In Shackelford v. Commonwealth, 183 Va. 423, 32 S.E.2d 682 (1945), the defendant, using his fists, struck the victim on her nose, eye, and ear. When the defendant's wife grabbed him to prevent further attack, the victim was able to flee. Noting that the defendant, a strong man, made an unprovoked attack upon a woman, striking her at least three times on her face, threatened to "finish" her, and that the attack ended only because defendant's wife intervened, the Court found the evidence sufficient to support the requisite intent for a malicious wounding conviction. See id. at 427, 32 S.E.2d at 684.

In Bryant v. Commonwealth, 189 Va. 310, 53 S.E.2d 54 (1949), the two defendants called the victim out of his home, threatened to kill him, and then beat him with their fists until

-

blood ran out of his ears, nose, and mouth.  Affirming the defendant's convictions for maiming, the Court said "one may permanently maim, disfigure, disable or kill with the fists, or knees, if the force is applied with violence and brutality." Id. at 317, 53 S.E.2d at 57.

Here, the evidence supports the finding that appellant acted with the specific intent to maim, disfigure, disable or kill when he attacked Kendred.  Although using his bare fist, appellant's attack involved such circumstances of violence and brutality that the fact finder could presume such intent.

The Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that appellant committed malicious wounding.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.