COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Felton
Argued at Richmond, Virginia


ROGER LEE DAVIS
                                    MEMORANDUM OPINION* BY
v.    Record No. 2480-01-2          JUDGE LARRY G. ELDER
                                         APRIL 22, 2003
COMMONWEALTH OF VIRGINIA


       FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                    William R. Shelton, Judge

            Steven Brent Novey (Tomko & Novey, PC, on
            brief), for appellant.

            Jennifer R. Franklin, Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Roger Lee Davis (appellant) appeals from his bench trial

conviction for "maliciously throw[ing] a missile at an occupied

motor vehicle, whereby the life of a person was put in peril,"

in violation of Code § 18.2-154.[1]  On appeal, he contends the

evidence was insufficient to prove his actions may have placed a

person's life in peril because the object he threw, a bottle,

neither broke nor came in contact with the vehicle's occupants.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] He also was convicted for destroying property and failing
to appear, but he does not challenge those convictions in this
appeal.

He also contends the evidence proved, at most, that he acted unlawfully rather than maliciously.

Assuming without deciding the statute required proof that appellant's actions placed "the life of any person . . . in peril," we hold the evidence was sufficient to support such a finding. We also hold the evidence supported a finding that appellant acted with malice. Thus, we affirm.

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). "Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the [fact finder], which has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993).

Code § 18.2-154 provides in relevant part as follows:

> Any person who . . . maliciously throws any missile at or against . . . any motor vehicle . . . when occupied by one or more persons, whereby the life of any person . . . in such motor vehicle . . . may be put in peril, shall be guilty of a Class 4 felony. . . .
>
> If any such act is committed unlawfully, but not maliciously, the person so offending shall be guilty of a Class 6 felony . . . .

-

I.

PLACING "THE LIFE OF ANY PERSON . . . IN PERIL"

Appellant contends the evidence was insufficient to support his conviction because the bottle neither broke nor came in contact with the vehicle's occupants and, thus, that the evidence failed to prove "the life of any person . . . in such motor vehicle . . . may [have] be[en] put in peril."  We disagree.

Assuming without deciding Code § 18.2-154 requires proof that the life of the vehicle's occupants may have been imperiled, the evidence here is sufficient to support such a finding.[2]  The bottle itself did not break, but it ricocheted around the interior of the truck and narrowly missed at least the truck's passenger, Aaron Belcher, before it hit the windshield with enough force to crack it.

---

[2] In Dowdy v. Commonwealth, 220 Va. 114, 255 S.E.2d 506 (1979), which involved the discharge of a firearm at an occupied building, the Supreme Court interpreted almost identical language, "whereby the life or lives of such person or persons may be put in peril," used in Code § 18.2-279.  It held the use of such language in Code § 18.2-279 constituted "a legislative declaration that human lives may be endangered when a deadly weapon is maliciously discharged at or against a building occupied by people" and "relieves the Commonwealth of the burden of proving that human life was, in fact, endangered."  Dowdy, 220 Va. at 117, 255 S.E.2d at 508 (emphases added).  Because we hold the evidence here proved the lives of the occupants of the vehicle were "put in peril" by appellant's actions, we need not decide whether the Supreme Court's interpretation of almost identical language in Dowdy also applies to Code § 18.2-154.

-

Although the truck was stationary when appellant threw the bottle, the statute expressly applies to "any [occupied] motor vehicle" and does not distinguish between moving and stationary vehicles. Code § 18.2-154 (emphasis added). To the extent such a distinction is relevant to the degree of peril caused by the acts at issue, the evidence here proved the truck was merely stopped at a traffic light. Thus, appellant's act of throwing the bottle into the truck from a distance of only two to three feet away could have resulted in harm to the occupants by causing the driver, Benjamin Ellis, to lose control of the vehicle or to drive recklessly from the scene to avoid any additional threat of direct harm. In fact, Ellis testified that immediately after appellant threw the bottle, he put "[his] foot . . . on the gas" without regard for the color of the traffic light because he "[didn't] know if bullets [were] coming next."

Thus, the Commonwealth's evidence proved that "the life of any person . . . in such motor vehicle . . . may [have] be[en] put in peril" by appellant's behavior. Cf. Strickland v. Commonwealth, 16 Va. App. 180, 182, 428 S.E.2d 507, 508 (1993) (holding under Code § 18.2-279 that shooting gun into ceiling of room occupied by 75 people presented "possibility that bullet might have hit a metal part or solid object in the ceiling and ricocheted" and, thus, was "sufficient to prove that the firearm was discharged 'in such a manner as to endanger the . . . lives of such . . . persons'" (quoting Code § 18.2-279)).

-

## II.

## MALICIOUS INTENT

Appellant's conviction required proof that he threw the bottle with malicious intent. Appellant contends he "acted out of heat of passion" and, thus, that he committed only the lesser offense of throwing the bottle unlawfully rather than maliciously. Viewing the evidence in the light most favorable to the Commonwealth, we disagree and hold the evidence was sufficient to prove appellant acted with malice.

Whether an accused acted with malice or in the heat of passion is a question of fact. Canipe v. Commonwealth, 25 Va. App. 629, 643, 644, 491 S.E.2d 747, 753, 754 (1997). Proving intent by direct evidence is often impossible. Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Intent, like any other element of a crime, may be proved by circumstantial evidence, as long as the evidence excludes all reasonable hypotheses of innocence flowing from it. Rice v. Commonwealth, 16 Va. App. 370, 372, 429 S.E.2d 879, 880 (1993). Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and "[t]he finder of fact may infer that [he] intends the natural and probable consequences of his acts." Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc); see also Schmitt v. Commonwealth, 262 Va. 127, 145, 547 S.E.2d 186, 198-99 (2001) (noting inference is permissive only and does not

-

constitute impermissible shifting of burden of proof to defendant).  The statements and conduct of an accused after the events that constitute the charged crime also are relevant circumstantial evidence of intent.  Canipe, 25 Va. App. at 645, 491 S.E.2d at 754 (relying in part on evidence that accused falsely reported details of offense to police in effort to portray victim as aggressor).

"'Malice and heat of passion are mutually exclusive . . . .'"  Canipe, 25 Va. App. at 643, 491 S.E.2d at 753 (quoting Barrett v. Commonwealth, 231 Va. 102, 106, 341 S.E.2d 190, 192 (1986)).  "'Malice inheres in the doing of a wrongful act intentionally or without just cause or excuse, or as a result of ill will . . . .'"  Wooden v. Commonwealth, 222 Va. 758, 762, 284 S.E.2d 811, 814 (1981) (quoting Dawkins v. Commonwealth, 186 Va. 55, 61, 41 S.E.2d 500, 503 (1947)).  Heat of passion, on the other hand, results "when one is provoked to fear or rage or both.  [Thus,] [i]n order to determine whether the accused acted in the heat of passion [or with malice], it is necessary to consider the nature and degree of provocation as well as the manner in which it was resisted."  Miller v. Commonwealth, 5 Va. App. 22, 25, 359 S.E.2d 841, 842 (1987) (citation omitted).

Here, the evidence, viewed in the light most favorable to the Commonwealth, established that the van in which appellant was a passenger stopped abruptly, for no apparent reason,

-

causing Ellis to "[have] to swerve and go around [the van]" on the left. While doing so, Ellis honked his horn and flashed his lights. Shortly thereafter, the van pulled up on the truck's right at a traffic light, and the van's driver, not appellant, rolled down her window. Belcher then rolled down the passenger window of Ellis's truck and said to the woman, "What are you doing? You almost caused an accident." The woman driving the van responded, "So. So. So." Before Belcher and the woman driving the van had exchanged any more words, appellant "cre[pt]" around the truck and threw the bottle.

The evidence established that Ellis and Belcher had had no contact with appellant, had exchanged no words with him, and in fact had not even seen appellant in the van before he "cre[pt]" around Ellis's truck and threw a bottle through the open passenger window. Appellant approached stealthily and threw the bottle so quickly that neither man had an opportunity to react other than for Ellis to say, "Watch out," and for Belcher to lean back in an attempt to avoid the bottle. Although the bottle itself did not break and did not come in contact with either of the truck's occupants, appellant threw the bottle with enough force to crack the truck's windshield, plastic molding and plastic console. Finally, appellant admitted at trial that he initially lied to the investigating officer about whether he threw the bottle.

-

This evidence supported the trial court's finding that appellant threw the bottle into the truck "'intentionally or without just cause or excuse,'" Wooden, 222 Va. at 762, 284 S.E.2d at 814 (quoting Dawkins, 186 Va. at 61, 41 S.E.2d at 503), and that Ellis's and Belcher's actions either could not or did not "provoke[] . . . [sufficient] fear or rage" in appellant to justify his throwing the bottle into their vehicle, Miller, 5 Va. App. at 25, 359 S.E.2d at 842. Cf. Canipe, 25 Va. App. at 645, 491 S.E.2d at 754-55 (holding that parties' involvement in "a fit of [bilateral] 'road rage'" only "minutes earlier," followed by "victim's nonviolent, nonthreatening confrontation of appellant in [a] parking lot support[ed] the [fact finder's] conclusion that appellant was not reasonably provoked to drive his car into the victim").

### III.

For these reasons, we hold the evidence was sufficient to support the challenged conviction, and we affirm.

Affirmed.

-