COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


MARCUS GILLIAM

MEMORANDUM OPINION[*] BY
v.        Record No. 2455-02-2            JUDGE LARRY G. ELDER
                                          OCTOBER 14, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
James F. D'Alton, Judge

(Stephen L. Hewlett, on brief), for appellant.  Appellant submitting
on brief.

(Jerry W. Kilgore, Attorney General; John H. McLees, Senior
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


Marcus Gilliam (appellant) appeals from his bench trial conviction for attempting to

deliver marijuana to a prisoner in violation of Code §§ 18.2-26 and 18.2-474.1.[1]  On appeal, he

contends the evidence was insufficient to support his conviction because testimony from credible

defense witnesses contradicted the Commonwealth's evidence that appellant was the only person

who had an opportunity to hide the marijuana in the men's room of the Dinwiddie County

Sheriff's Office.  The Commonwealth contends appellant failed to preserve this issue for appeal.

We assume without deciding that appellant properly preserved for appeal his challenge to the

sufficiency of the evidence but conclude the evidence supports his conviction.  Thus, we affirm.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The indictment and sentencing order reference both the substantive statute and the
attempt statute.  However, because the substantive statute itself specifically proscribes attempts,
reference to Code § 18.2-26 is unnecessary.  Because the sentencing order references both
statutes, this opinion does so as well.

Under familiar principles of appellate review, we must examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). In assessing witness credibility, the fact finder may accept the parts of a witness' testimony it finds believable and reject other parts as implausible. Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993). "Determining the credibility of witnesses who give conflicting accounts is within the exclusive province of the [trier of fact], which has the unique opportunity to observe the demeanor of the witnesses as they testify." Lea v. Commonwealth, 16 Va. App. 300, 304, 429 S.E.2d 477, 479 (1993). The conclusions of the fact finder on issues of witness credibility may be disturbed on appeal only if this Court finds that the witness' testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief." Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984).

Further, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Here, appellant conceded at trial that the issue was whether someone else entered the men's restroom at the Dinwiddie County Sheriff's Office after appellant had departed and before Deputy Dwayne Snead re-entered and searched, leaving open the possibility that someone else placed the bag of marijuana in the toilet brush holder. Appellant conceded at trial "the deputy's testimony is that nobody else went in the bathroom after [appellant]." The evidence in the record, viewed in the light most favorable to the Commonwealth, supports this assertion.

Under the Commonwealth's evidence, the toilet brush holder and the rest of the bathroom were free of contraband when Deputy Snead searched at around 7:00 p.m. Deputy Perry Lynch observed Deputy Snead enter and exit the bathroom at that time. Deputy Lynch then observed the bathroom without interruption until Deputy Snead entered and searched again at 7:17 p.m., at which time he found the bag of marijuana in the toilet brush holder. Deputy Lynch testified without equivocation that no one other than appellant entered the men's restroom during that time. Deputy Snead confirmed that he heard the door open and close twice during that period of time, which was consistent with Deputy Lynch's testimony that only one person, appellant, was in the restroom during that time.

The trial court was entitled, as it did expressly, to accept as credible the testimony of Deputies Lynch and Snead establishing that no one other than appellant entered the restroom before Deputy Snead found the marijuana and to simultaneously reject the testimony of appellant's brother-in-law and another witness that two other people entered and exited the restroom in the interim. Further, appellant admitted that he was a user of marijuana. The only hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, is that appellant was the person who secreted the bag of marijuana in the toilet brush holder.

For these reasons, we hold the evidence was sufficient to prove appellant committed the charged offense. Therefore, we affirm.

<u>Affirmed.</u>