HUMPHREYS, J.,
with whom PETTY and ATLEE, JJ., join, concurring in the judgment.
[I]t [is] the most sacred constitutional right of every party accused of a crime, that the jury should respond as to the facts, and the court as to the law. It is the duty of the court to instruct the jury as to the law; and it is the duty of the jury to follow the law, as it is laid down by the court. *593 United States v. Battiste, 2 Sumn. 240, 24 F.Cas. 1042, 1043 (No. 14545) (C.C.D.Mass.1835).
The Anglo-American right to a trial by jury is now more than seven centuries old and as enshrined in the Sixth Amendment, our Constitution guarantees that such a trial must be a fair one. Juries are the sole judges of what the facts in a case are but they are lay men and women who are expected to digest, understand, and apply legal principles that took the judge and lawyers involved in the case years of study and education to understand. Those legal principles are presented to jurors in the form of instructions that, however correct a statement of law they may be, are often intricate, contradictory, and confusing from a juror’s point of view. Although this may necessarily be the case because of the complexity of the legal issues involved, trial courts ought not exacerbate any confusion by denying a defendant a clear and correct instruction that specifically explains the law with respect to a legally recognized defense theory of innocence or mitigation of the offense charged.
I write separately only because the majority opinion may be fairly read to suggest that this principle only applies to the defense of “accident,” a limitation that, in my view, is inconsistent with Virginia jurisprudence. This lack of clarity in the majority opinion may result in unnecessary confusion when trial courts are confronted with a similar situation involving a defense theory other than “accident.” Furthermore, contrary to the analysis of the majority, I believe the starting point for the analytical resolution of the assignment of error in this case should be the general law applicable to all jury instructions rather than just those cases in which the defense of “accident” is advanced.
As the majority acknowledges, “[a] defendant is entitled to have the jury instructed only on those theories of the case that are supported by evidence.” Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986) (emphasis added). But implicit in that holding is the converse affirmative right to an instruction on a theory of innocence if more than a scintilla *594 of evidence has been presented to support such theory. Id. Particularly, “when a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty [to properly] instruct a jury about the matter.” Jimenez v. Commonwealth, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991). “If there is evidence in the record to support the defendant’s theory of defense, the trial judge may not refuse to grant a proper, proffered instruction.” Delacruz v. Commonwealth, 11 Va.App. 385, 338, 398 S.E.2d 103, 105 (1990).
Relying on well-settled Virginia law, the majority correctly holds that appellant was entitled to a properly stated instruction on her “accident” theory of defense. As the majority notes, it is not sufficient that the Commonwealth’s proffered instructions may allow argument that the evidence supports a negative inference that may establish the defendant’s chosen theory of defense. In my view, it is axiomatic that a defendant is entitled, as a matter of right, to a jury instruction that affirmatively states the law with respect to the theory of defense, so long as the defense is recognized by the law, is supported by more than a scintilla of evidence, and the proposed instruction correctly states the law.
In Bryant v. Commonwealth, 216 Va. 390, 393, 219 S.E.2d 669, 671 (1975), our Supreme Court held that a jury instruction based on consent was “crucial to [the appellant’s] defense,” against a rape charge, reasoning that it could not find that “the instructions granted by the [trial] court sufficiently informed the jury that if the act of intercourse was consensual there could not be a conviction.” This Court reached the same conclusion in Mery v. Commonwealth, 12 Va.App. 821, 407 S.E.2d 18 (1991), a case that preceded Waters, that involved a similarly affirmative consent instruction in a rape case. We held that,
[N]one of the jury instructions cited by the Commonwealth specifically deals with the issue of consent. Rather, they address the subject only by inference. Those instructions specifically address the issues of force, resistance, and the overcoming of the prosecutrix’s will. We find that their inferential treatment of the principle of consent did not *595 adequately instruct the jury on a subject that was both vital to [the appellant’s] defense and sufficiently supported by the evidence to make it a jury issue.
Id. at 825, 407 S.E.2d at 21. Likewise, in Delacruz, this Court held that the trial court erred in refusing to offer an instruction on self-defense for a brandishing a firearm charge, reasoning, “it cannot be fairly said that either instruction fully informed the jury of the right of self[-]defense or offered the jury the option of finding [the appellant] not guilty.” 11 Va.App. at 889, 398 S.E.2d at 105-06.
Applying this principle to a possession of a firearm by a felon case, this Court held, “because necessity was appellant’s ‘sole defense’ to the charged crime and appellant gave testimony supporting that defense, the trial court had an affirmative duty to give a corrected instruction to the jury.” Humphrey v. Commonwealth, 37 Va.App. 36, 51, 553 S.E.2d 546, 553 (2001). This proposition has also been extended to situations where a defendant’s theory of defense negates an element of an offense, such that the defendant could be convicted of a lesser-included offense. For example, in Miller v. Commonwealth, 5 Va.App. 22, 24, 359 S.E.2d 841, 842 (1987), we held “[i]f there is any evidence that would support a conviction for the lesser included offense, the trial court must, upon request of counsel, instruct the jury as to the lesser included offense.” Finding more than a scintilla of evidence to support defendant’s heat of passion defense to his charge of malicious wounding, we found the trial court erred in failing to offer an instruction for unlawful wounding. Id. at 25, 359 S.E.2d at 843.
Finally, in Cooper v. Commonwealth, 277 Va. 377, 673 S.E.2d 185 (2009),[8] an instruction similar to the one in this case, but relating to the defense of alibi, was proposed. Our Supreme Court discussed its own inconsistent jurisprudence regarding whether the principle of law was adequately covered in other instructions and concluded,
*596 Yet, as a review of our decisions will reveal, alibi instructions have been granted in some cases and refused in others when no discernible difference is apparent. Eliminating judicial discretion will promote uniformity where uniformity is desirable, and it is desirable in this instance. Hereafter, the rule will be: grant an alibi instruction when [a scintilla of evidence ] is present, refuse when the evidence is absent.
Id. at 385-86, 673 S.E.2d at 190 (emphasis added).
Thus, the law in this regard is not unique to the defense of “accident,” as applied in Martin, and logically extends to all other legally cognizable defenses and we should not suggest otherwise. If a negative inference as to a criminal defendant’s defense of “accident” in a malicious wounding case is insufficient, a negative inference is necessarily insufficient as to other defenses, to a whole host of criminal charges, such as those already noted.[9] For these reasons, I also agree with the majority that Waters should be overruled to the extent that it conflicts with this principle.
To be clear, I emphatically do not suggest that a defendant has the right to propound his particular version of a jury instruction resulting in duplicative instructions, or that a correct instruction of the law regarding a theory of defense *597 propounded by the Commonwealth or the trial court sua sponte would not suffice. Within the principles outlined, the trial court has the discretion to determine which instructions to grant or deny from whatever source, provided more than a scintilla of evidence supports a defendant’s legally recognized theory of defense. The defendant’s right in this regard has been honored if a jury instruction has been given that accurately and affirmatively states the law regarding any such cognizable defense.
Therefore, applying what I believe is the more logical analysis outlined above, I would hold that because every criminal defendant is entitled to a jury instruction that affirmatively states the theory of any legally recognized defense, if supported by more than a scintilla of evidence, and because “accident” is such a defense since if accepted by the jury, proof of such defense would negate an element of the offense, or otherwise entitle the defendant to an acquittal or mitigation of the charge and further, because the record in this case clearly establishes that all of these elements were present, I join my colleagues in reversing the judgment below in this case and remanding it for a new trial if the Commonwealth is so advised.

. Cooper is cited in the majority opinion but only for the standard of review and the definition of “a scintilla of evidence.”

. Other jurisdictions have similarly applied this principle to legally recognized defenses beyond "accident.” See e.g., People v. Nunez, 841 P.2d 261, 264 (Colo.1992) (holding an instruction embodying a defendant’s theory of the case must be given if the record contains any evidence to support the theory); State v. Fuller, 199 Conn. 273, 506 A.2d 556, 559 (1986) (holding ”[i]f the defendant asserts a recognized legal defense and the evidence indicates the availability of that defense, such a charge is obligatory and the defendant is entitled, as a matter of law, to a theory of defense instruction”); State v. Weller, 590 So.2d 923, 927 (Fla. 1991) (finding a defendant is entitled to an instruction as to any valid defense supported by evidence or testimony in the case); State v. Taylor, 130 Hawai’i 196, 307 P.3d 1142, 1149 (2013) (holding a defendant is entitled to a requested jury instruction on a defense when he presents some evidence going to the defense); Bouwkamp v. State, 833 P.2d 486, 490 (Wyo.1992) (finding that due process considerations entitle criminal defendants to affirmatively stated theory of the case instructions when the instruction sufficiently informs the court of the defendant’s theory, is supported by competent evidence, and the offered instruction presents a defense recognized by statute or case law).