COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Bumgardner
Argued at Salem, Virginia


BOLIVAR CAUDILL, S/K/A
 BOLIVER CAUDILL
                                        OPINION BY
v.        Record No. 0587-97-3    JUDGE SAM W. COLEMAN III
                                        APRIL 7, 1998
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                  Donald A. McGlothlin, Jr., Judge

          Wade T. Compton (C. Eugene Compton, P.C., on
          brief), for appellant.

          Richard B. Smith, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     Bolivar Caudill appeals his jury trial conviction for

malicious wounding in violation of Code § 18.2-51.  He contends

the trial court erred when it:  (1) refused to instruct the jury

on the "heat of passion" defense, and (2) excluded from the

jury's consideration during the sentencing phase evidence

regarding the impact of appellant's incarceration upon his

family.  Finding no error, we affirm the conviction.

                        I.  BACKGROUND

     At a social gathering hosted by Sharon George Peak, Peak's

four-year-old daughter accidentally knocked an ashtray into

appellant's lap.  Appellant "jumped up and . . . called her a

little bitch and a little whore."  Harris, another guest, told

appellant he should not speak to a child in that manner.  Peak

asked appellant to leave the trailer, which he did.  Once

outside, appellant started cursing and screaming for Harris to come out of the trailer "and settle it." Appellant stated: "I just want to talk." Harris decided to "go talk to him and see if he'll calm down." When Harris exited the trailer, appellant lunged at him and slashed Harris' face with a shiny object. Appellant then warned another guest that "he was the next little son-of-a-bitch . . . he was going to get." At trial, appellant testified that he did not recall the incident because he was very intoxicated. Harris' face was permanently scarred as a result of the attack.

## II.   "HEAT OF PASSION" INSTRUCTION

The trial court denied appellant's request for a jury instruction on the heat of passion defense.[1] Appellant contends the trial court improperly refused the instruction because the jury could have concluded that Harris' "harsh words" reasonably provoked appellant to attack Harris in the "heat of passion." Appellant asserts that had the instruction been given, the jury could have convicted him for the lesser offense of unlawful wounding. See Miller v. Commonwealth, 5 Va. App. 22, 24-25, 359 S.E.2d 841, 842 (1987). His contention is without merit.

"It is well settled that a trial court must instruct the jury on a lesser-included offense if more than a scintilla of evidence supports it." Donkor v. Commonwealth, 26 Va. App. 325,

---

[1]The so-called "heat of passion" defense is not a defense in the traditional sense; the existence of "heat of passion" merely reduces the grade of the offense to a Class 6 felony.

330, 494 S.E.2d 498, 500 (1998). However, an instruction is properly refused when it is unsupported by the evidence. Bennett v. Commonwealth, 8 Va. App. 228, 234, 380 S.E.2d 17, 21 (1989). Although the Commonwealth prevailed at trial, we must view the evidence with respect to the refused instruction in the light most favorable to the appellant. Turner v. Commonwealth, 23 Va. App. 270, 275, 476 S.E.2d 504, 507 (1996).

No evidence in the record supports appellant's contention that the trial court was required to give an instruction on the heat of passion defense. "Heat of passion" refers to the furor brevis which renders a man deaf to the voice of reason. Hannah v. Commonwealth, 153 Va. 863, 870, 149 S.E. 419, 421 (1929). To establish the heat of passion defense, an accused must prove he committed the crime with "passion" and upon "reasonable provocation." Canipe v. Commonwealth, 25 Va. App. 629, 643, 491 S.E.2d 747, 753 (1997). Viewed in the light most favorable to appellant, the evidence establishes, at most, that appellant and Harris exchanged "harsh words" before the attack. The long-standing rule in Virginia is that "[w]ords alone, however insulting or contemptuous, are never a sufficient provocation" for one to seriously injure or kill another. Id. (quoting Read v. Commonwealth, 63 Va. (22 Gratt) 924, 938 (1872)) (emphasis added). The evidence was insufficient as a matter of law to prove "heat of passion." Accordingly, the trial court did not err in refusing to instruct the jury on the heat of passion

defense.

## III.  ADMISSIBILITY OF EVIDENCE AT SENTENCING HEARING

At his sentencing hearing, appellant informed the court that he wished to offer as mitigating evidence for the jury's consideration appellant's wife's testimony that she suffered from a serious medical condition and depended upon him to administer her medication and to take her to the doctor.  The trial judge and defense counsel had the following dialogue:

> [DEFENSE COUNSEL]:  Well, your honor, we wanted to call Betty Jean Caudill as a witness for mitigation.  The proffered evidence would be and (sic) Ms. Caudill would testify to her current health condition.  The medication that she is receiving and the type of treatment she has to undergo (sic) her medical condition.  It would consist of (sic) that Mr. Caudill who assists her with her medication.  Who assists or does the housekeeping chores as all of the children are out of the home, your honor.  He is responsible for taking her to the doctor and back.  And, that would be the proffer of what she would testify to.
>
> THE COURT:  So, do I understand that the testimony would be basically that she has a medical condition and is unable to do these other items that you just enumerated for herself and that, that if Mr. Caudill were to be incarcerated that she would not have anyone to help her do these things?
>
> [DEFENSE COUNSEL]:  Yes, sir.

Over appellant's objection, the trial judge excluded the evidence, holding that the adverse impact of appellant's incarceration on his family was irrelevant to the jury's recommendation of punishment.

> Code § 19.2-295.1 provides, in pertinent part, as follows:
>     In cases of trial by jury, upon finding that

> the defendant is guilty of a felony, a
> separate proceeding limited to the
> ascertainment of punishment shall be held as
> soon as possible before the same jury. . . .
> After the Commonwealth has introduced . . .
> evidence of prior convictions, or if no such
> evidence is introduced, the defendant may
> introduce <u>relevant, admissible evidence
> related to punishment</u>.

(Emphasis added.)  The question of what evidence may be properly admitted by the defendant at sentencing as "relevant, admissible evidence related to punishment" is an unsettled issue in Virginia.  <u>See</u> <u>Shifflett v. Commonwealth</u>, 26 Va. App. 254, 494 S.E.2d 163 (1997) (<u>en</u> <u>banc</u>) (currently on appeal to the Virginia Supreme Court).

However, in <u>Coppola v. Commonwealth</u>, 220 Va. 243, 257 S.E.2d 797 (1979), upon being convicted for capital murder, the defendant sought to introduce his former wife's testimony as to the adverse effect that sentencing him to death would have upon their two young children.  The trial court refused to admit the evidence.  On appeal, the Supreme Court noted that Coppola's proffered evidence of family impact was "not analogous to any of the evidence specifically approved in the [death penalty] statute."[2]  <u>Id.</u> at 253, 257 S.E.2d at 804.  Affirming the trial

---

[2] Because the defendant was convicted for capital murder, the <u>Coppola</u> Court considered the admissibility of evidence under Code § 19.2-264.4(B), Virginia's death penalty statute.  Code § 19.2-264.4(B) provides "[i]n cases of trial by jury, evidence may be presented as to any matter which the court deems <u>relevant to sentence</u>. . . ."  The statute then enumerates an extensive, but not exhaustive, list of evidence that may be introduced at sentencing, all of which "bears upon the record of the defendant and the atrociousness of the crime."  <u>Coppola</u>, 220 Va. at 253, 257 S.E.2d at 804.  Our decisions have analogized the sentencing

court's ruling, the Court held that "the effect of [the defendant's] incarceration upon relatives is not a mitigating circumstance for the jury to consider" during the sentencing phase of trial.  Id. at 254, 257 S.E.2d at 804.  We find the Coppola decision persuasive and controlling here.

Within the past year, in Shifflett, we held that the trial court erred by excluding from the jury's consideration at sentencing Shifflett's girlfriend's testimony that "would have proved that Shifflett was a responsible father who worked earnestly to provide for his children."  26 Va. App. at 261, 494 S.E.2d at 166.  We stated:  "For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the [offender's] character and propensities [for rehabilitation].'"  Id. at 259, 494 S.E.2d at 166 (quoting Pennsylvania v. Ashe, 302 U.S. 51, 55 (1937)) (emphasis added). Thus, we held in Shifflett that evidence of an offender's "habits" and "character" is "relevant to determining an appropriate punishment" under Code § 19.2-295.1.  Id. at 261, 494 S.E.2d at 166.  In so holding, we concluded the evidence that

Shifflett "contributed positively to his family situation" would
(..continued)
provisions of Code § 19.2-295.1 to those applicable to the sentencing phase of bifurcated capital murder trials.  See Bunn v. Commonwealth, 21 Va. App. 593, 598, 466 S.E.2d 744, 746 (1996); Gilliam v. Commonwealth, 21 Va. App. 519, 522-23, 465 S.E.2d 592, 594 (1996).

have reflected upon his character and was, therefore, admissible at his sentencing hearing. Id. However, we noted that the evidence "was not offered merely to prove the family's apparent need for [the defendant's] income." Id.

Here, as in Coppola, appellant offered the evidence in order to prove that his incarceration would adversely affect his family. Unlike the circumstances of Shifflett, appellant's wife's testimony that she suffered from a serious medical condition and depended upon appellant to ensure that she receive medical treatment did not reflect upon the appellant's "character" and "propensities" for rehabilitation. Accordingly, under Coppola, appellant's proffered evidence that his incarceration would adversely impact his wife was not a mitigating circumstance that the jury could properly consider under Code § 19.2-295.1, and the trial court did not err in refusing to admit the evidence at appellant's sentencing hearing.

For these reasons, we affirm the conviction.

Affirmed.