COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Lemons
Argued at Norfolk, Virginia

BARBARA ANN CUFFEE

MEMORANDUM OPINION[*] BY
v.  Record No. 2589-97-1     JUDGE JAMES W. BENTON, JR.
                                    SEPTEMBER 22, 1998
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
William F. Rutherford, Judge

Allan D. Zaleski (Weisberg & Zaleski, on
brief), for appellant.

Steven A. Witmer, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Barbara Ann Cuffee was indicted and tried by a jury on

charges of malicious wounding committed as a part of a mob, see

Code § 18.2-41, and malicious wounding of a law enforcement

officer, see Code § 18.2-51.1.  The jury convicted Cuffee of

assault and battery.  On this appeal, Cuffee contends that the

trial judge erred in refusing three jury instructions.  Two of

the instructions concern self-defense, and the third addresses

witness credibility.  For the reasons that follow, we affirm the

conviction.

I.

At trial, the Commonwealth's evidence proved that Police

Officers Dahl and Mitcheltree responded to a call for assistance

from Jody Gifford, an animal control officer, who was at an

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

elementary schoolyard attempting to apprehend a stray dog. Gifford observed a boy running with the dog through the crowd and behind the school. When Gifford and Officer Dahl detained the boy, a large group of people who were using the basketball courts and recreation area began yelling and cursing at the officers. Officer Dahl told the crowd to "Shut up." Cuffee, whom Officer Dahl identified as having been one of the persons screaming and cursing at her, responded "What are you talking to those kids that way for?"

After Officer Dahl sat in her vehicle with the boy, she heard an adult male say, "If she gets out of the car again, let's just kick her ass." Officer Dahl testified that she exited the car and said, "Did somebody say they wanted to kick my ass?" She then approached Cuffee to have a conversation with her. Cuffee, whom Officer Dahl believed was leading the crowd, told Officer Dahl to "get out of her face." Officer Dahl responded "I'm not in your face."

Cuffee's daughter then intervened. Officer Dahl testified that Cuffee's daughter approached her and said, "bitch, you best get out of my mama's face or I'm going to kick your ass." As Officer Dahl turned to face Cuffee's daughter, Cuffee's daughter hit Officer Dahl. When Officer Dahl grabbed Cuffee's daughter to arrest her for assault, a general melee occurred. Officer Dahl testified that Cuffee threatened to kill her, choked her, and pushed her backwards.

Cuffee disputed much of Officer Dahl's testimony.  She testified that after Officer Dahl yelled at the children to "shut up" and put the boy in her vehicle, someone in the crowd said, "I ought to beat that bitch's ass."  Officer Dahl exited her vehicle, unlatched her gun, and approached Cuffee.  Cuffee told Officer Dahl she didn't know why Officer Dahl unlatched her gun and approached her.  She also testified that she admonished Officer Dahl for "talking to the kids . . . nasty" and challenging the children who wanted to "beat [her] ass" to come forward.  Officer Dahl responded by pointing her finger in Cuffee's face and loudly saying that she was challenging the children because "she wanted to."

Cuffee testified that when her daughter told Officer Dahl to get out of Cuffee's face, Officer Dahl grabbed Cuffee's daughter, tried to "sling her," and struck Cuffee's daughter in the face.  The fight then began.  Cuffee, fearing for her daughter's safety and trying to stop the fight, grabbed her daughter and pinned her against a vehicle.  Cuffee testified that as Officer Dahl swung over Cuffee to hit Cuffee's daughter, Officer Mitcheltree pulled Cuffee away and told her she was under arrest.  Officer Mitcheltree made Cuffee place her hands on the police car.

Cuffee further testified that a bystander broke up the fight between Officer Dahl and Cuffee's daughter.  However, as the bystander was walking her daughter away, Officer Dahl attacked the daughter again.  Cuffee jumped in front of Officer Dahl,

grabbed her uniform "with no force," and pushed her back away from Cuffee's daughter.  Cuffee testified that she grabbed Officer Dahl around the neck because Officer Dahl punched Cuffee in the face.  Other witnesses supported Cuffee's version of the events.

At the conclusion of the evidence, the trial judge refused three of Cuffee's proposed jury instructions.  Instruction B provided the following statement on self-defense:

> In passing upon the danger, if any, to which
> the Defendant, Barbara Cuffee[,] perceived,
> you will consider the circumstances as they
> reasonably appeared to her, and draw such
> conclusions from these circumstances as she
> could reasonably have drawn, situated as she
> was at the time; and the Court instructs you
> that the Defendant, Barbara Cuffee, is
> entitled to be tried and judged by the facts
> and circumstances as they reasonably appeared
> to her.

Instruction C, also on the issue of self-defense, recited as follows:

> A person has the right to use reasonable
> force to stop another who manifestly intends
> and endeavors by violence or surprise to
> commit an assault on his or her family.

Instruction D concerning witness credibility provided as follows:

> Although one or more witnesses may positively
> testify as to an alleged fact and although
> the said testimony may not be contradicted by
> other witnesses, the jury may altogether
> disregard said testimony if you believe the
> same to be untrue.

The jury acquitted Cuffee of malicious wounding as part of a mob and convicted Cuffee of assault and battery, a lesser-included offense of the charge of malicious wounding of

the officer.  On the jury's recommended sentence of three months in jail and a $2,500 fine, the trial judge entered judgment on that verdict.

II.

"A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (citation omitted). Thus, when the evidence is conflicting, "we must view the evidence with respect to the refused instruction in the light most favorable to the appellant." Caudill v. Commonwealth, 27 Va. App. 81, 85, 497 S.E.2d 513, 514 (1998). However, the principle is well established that "[w]hen granted instructions fully and fairly cover a principle of law, a trial [judge] does not abuse [his] discretion in refusing another instruction related to the same legal principle." Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984).

The trial judge instructed the jury as follows on the law of self-defense:

> If you believe from the evidence that the defendant was to some degree at fault in provoking or bringing on the fight, and if you further believe that when attacked:
>
>    (1) she retreated as far as she safely could under the circumstances
>
>    (2) in a good faith attempt to abandon the fight; and
>
>    (3) made known her desire for peace by word or act; and
>
>    (4) she reasonably feared, under the circumstances as they appeared

- 6 -

to her, that her daughter was in danger of bodily harm; and

(5) she used no more force that was reasonably necessary to protect her daughter from the threatened harm, then you shall find the defendant not guilty;

and,

If you believe from the evidence that the defendant was without fault in provoking or bringing on the fight, and that the defendant reasonably feared, under the circumstances as they appeared to her, that her daughter was in danger of harm, then the defendant had the right to use such force as was reasonably necessary to protect her daughter from the threatened harm. If you further believe that the defendant used no more force than was reasonably necessary to protect her daughter from the threatened harm, then you shall find the defendant not guilty.

Cuffee argues that although those instructions accurately state the relevant legal principles, they do not instruct the jury on "her version of the case." We disagree. The instructions that were given to the jury fully and fairly informed the jury of each principle that is contained in the two self-defense instructions proposed by Cuffee and refused by the trial judge. Accordingly, the trial judge did not err in refusing Cuffee's Instructions B and C. See Willis v. Commonwealth, 10 Va. App. 430, 444, 393 S.E.2d 405, 412 (1990).

The trial judge also refused Cuffee's Instruction D in favor of another instruction concerning credibility of the witnesses. The trial judge instructed the jury as follows:
You are the judges of the facts, the credibility of the witnesses, and the weight

of the evidence.  You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness.  However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony.  From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

While Cuffee's Instruction D would have explicitly informed the jury that uncontradicted testimony of several witnesses concerning a fact may be disregarded if the jury believed the testimony to be untrue, the instruction that was given to the jury does recite the same principle, albeit in a more general manner.  We are mindful that "[a] person accused of a crime is entitled to instructions which present the grounds of [her] defense from [her] point of view."  Wade v. Commonwealth, 202 Va. 117, 123-24, 116 S.E.2d 99, 104 (1960).  However, we find no basis in the record to conclude that the trial judge's use of the more general statement of the principle was prejudicial to Cuffee.

Accordingly, we affirm the conviction.

<u>Affirmed</u>.