COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Richmond, Virginia


THOMAS EUGENE MONROE
                                                     MEMORANDUM OPINION[*] BY
v.        Record No. 2993-07-2                JUDGE RUDOLPH BUMGARDNER, III
                                                         MARCH 17, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Horace A. Revercomb, III, Judge

Bruce P. Ganey for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Thomas Eugene Monroe appeals his conviction of second-degree murder and a use of a

firearm to commit murder. He maintains the trial court erred in refusing to instruct on voluntary

manslaughter and accidental killing. Concluding the trial court did not err, we affirm.

In the morning of November 17, 2006, the superintendent of the county school board fired

the defendant over allegations that he sexually harassed the daughter of his supervisor in the

maintenance department, David Ganoe. The defendant left the school board office, went home,

drank some brandy, and around 2:00 p.m. drove to the maintenance shop. He entered the shop

carrying a .38 caliber revolver, pushed past the secretary, Suzanne Edwards, walked to Ganoe's

desk at the opposite end of the three-bay garage, and shot him in the back.

Edwards saw the defendant enter the shop, walk "very, very fast" towards Ganoe, and

heard Ganoe greet the defendant. She then saw the defendant pull a gun from his right side,

───────────────────
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

point it at Ganoe, and fire.  She saw Ganoe fall and heard him cry, "Tom, don't, please don't."

Edwards grabbed the defendant's arm and told him to stop, but he replied, "Get off me," and

shoved her down with sufficient force to break her wrist and her hip.  While on the floor,

Edwards heard another shot.  She hurried to an interior office and called the police.  Edwards

testified that Ganoe had nothing in his hand when the defendant shot him.  Ganoe died from a

single gunshot wound to his back.

The defendant told the police that he believed Ganoe had forced his daughter into making

the sexual harassment allegations against him.  The defendant stated that he entered the shop,

confronted Ganoe, and said, "You are a dirty son of a bitch for what you did."  The defendant

saw Ganoe reach for an item on his desk.  Feeling threatened, the defendant went outside,

retrieved a gun from his truck, returned inside, and shot Ganoe.  The defendant admitted he fired

at least two shots and as many as four shots.

The defendant maintains the trial court erred in refusing an instruction on voluntary

manslaughter.  "'Heat of passion refers to the *furor brevis* which renders a man deaf to the voice

of reason.'"  Rhodes v. Commonwealth, 41 Va. App. 195, 200, 583 S.E.2d 773, 775-76 (2003)

(quoting Caudill v. Commonwealth, 27 Va. App. 81, 85, 497 S.E.2d 513, 514-15 (1998)).  "Heat

of passion excludes malice when provocation reasonably produces fear [or anger] that causes one

to act on impulse without conscious reflection."  Graham v. Commonwealth, 31 Va. App. 662,

671, 525 S.E.2d 567, 571 (2000).  "Heat of passion is determined by the nature and degree of the

provocation, and may be founded upon rage, fear, or a combination of both."  Barrett v.

Commonwealth, 231 Va. 102, 106, 341 S.E.2d 190, 192 (1986) (citation omitted).

"Although the Commonwealth prevailed at trial, the appropriate standard of review

requires that we view the evidence with respect to the refused instruction in the light most

favorable to the defendant."  Boone v. Commonwealth, 14 Va. App. 130, 131, 415 S.E.2d 250,

251 (1992).  However, the defendant does not point to any evidence supporting his claim that he acted in the heat of passion when he shot Ganoe.

No evidence suggested that Ganoe provoked the defendant or that he acted in rage or fear.  The superintendent had fired the defendant in the morning.  The defendant went home, drank, and then drove to the maintenance shop around 2:00 p.m.  Any heat of passion that the firing may have induced had more then ample time to abate before he drove to the shop.

The defendant stated that when he first encountered Ganoe in the maintenance shop, Ganoe reached for something.  Accepting the defendant's statement that he felt threatened and went to his truck to get his gun, the evidence does not permit a finding that fear or rage controlled his actions when he returned and shot Ganoe.  If he did react in fear or rage initially, the time necessary to get the gun and return was sufficient time and opportunity for any passion to cool.  If "there was reasonable time or opportunity for cooling, then the wounding is attributable to malice and not heat of passion."  Miller v. Commonwealth, 5 Va. App. 22, 25, 359 S.E.2d 841, 842 (1987).

The defendant argues that his struggle with Edwards was provocation that caused him to act in a heat of passion.  Her actions in grabbing his arm were not sufficient to constitute a reasonable provocation.  Whether her actions occurred before or after the first shot, they do not permit a finding they constituted a reasonable provocation that caused the defendant to shoot at Ganoe.  Additionally, "where it is not the victim of the crime who invoked the defendant's heat of passion, there was no evidence to support a finding of heat of passion."  Arnold v. Commonwealth, 37 Va. App. 781, 789, 560 S.E.2d 915, 919 (2002).

The defendant also argues that the killing was accidental.  He argues that the bullet that killed Ganoe could have ricocheted off the metal wall when he accidentally discharged his

firearm. He maintains that was the only explanation for the entrance wound that was in Ganoe's back.

"Involuntary manslaughter is an accidental homicide, contrary to the intention of the parties, occurring during the performance of an unlawful, but not felonious, act or during the improper performance of a lawful act." Bolyard v. Commonwealth, 11 Va. App. 274, 276, 397 S.E.2d 894, 895 (1990). The evidence does not support the claim that a ricochet bullet hit Ganoe accidentally. The only evidence on this theory came from Investigator Susan Call. She testified that if a bullet ricocheted from an object into a body, its velocity would have been reduced and insufficient to exit the body. The bullet that killed Ganoe exited his body. There was no credible evidence showing that the defendant shot Ganoe accidentally.

Waters v. Commonwealth, 39 Va. App. 72, 569 S.E.2d 763 (2002), held that a jury instruction on accidental killing is unnecessary where the trial court gave an instruction defining malice as a "state of mind which results in the intentional doing of a wrongful act to another without legal excuse or justification." Id. at 79, 569 S.E.2d at 766. In this case, the instructions fully defined the elements of murder and the meaning of the terms. Jury Instruction 4 stated that "malicious killing" was an element of murder. Instruction 5 defined malice and heat of passion and clearly stated that malice required "the intentional doing of a wrongful act" and excluded heat of passion. A separate instruction on accidental killing was not necessary.

"If the principles set forth in a proposed instruction are fully and fairly covered in other instructions that have been granted, a trial court does not abuse its discretion in refusing to grant a repetitious instruction." Joseph v. Commonwealth, 249 Va. 78, 90, 452 S.E.2d 862, 870 (1995). The evidence did not support the separate instructions on heat of passion and accidental killing, and the jury instructions given properly defined the issues as raised by the evidence at

- 4 -

trial. The trial court did not err in refusing the defense instructions on voluntary manslaughter and accidental killing. Accordingly, we affirm.

<u>Affirmed.</u>