COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Petty and Alston
Argued at Richmond, Virginia


MELVIN JAMAR WALKER

MEMORANDUM OPINION[*] BY

v.       Record No. 0130-08-3         JUDGE ROSSIE D. ALSTON, JR.
                                      AUGUST 25, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
David A. Melesco, Judge

Joseph A. Sadighian, Senior Assistant Appellate Defender (Office of
the Appellate Defender, on brief), for appellant.

Donald E. Jeffrey, III, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Melvin Jamar Walker ("appellant") was convicted in a jury trial of second-degree

murder, in violation of Code § 18.2-32, and use of a firearm in the commission of a felony, in

violation of Code § 18.2-53.1.  On appeal, he contends the trial court erred in refusing to instruct

the jury on the lesser-included offense of manslaughter.  Finding no error, we affirm the trial

court's judgment and appellant's convictions.

I.  BACKGROUND

The relevant facts in this case are not in dispute.  In the early morning hours of June 3,

2007, Joshua Dewberry ("victim") parked his vehicle in the parking lot of the Sunrise Mart in

Danville.  Victim's friend, Michael Talley, was a passenger in the vehicle.  Talley exited the

vehicle and entered the Sunrise Mart to purchase a drink.  As he exited the store, he saw

appellant, who was wearing a green hat, with two other males standing outside the door of the

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

store. Upon returning to the vehicle, victim told Talley that while Talley was in the store, appellant, or one of his two cohorts, had lifted his shirt and had exposed a gun to victim.

As victim and Talley pulled away from the store in the vehicle, victim yelled a statement to appellant pertaining to appellant or one of his cohorts exposing the gun to victim. Appellant replied, "What?" Appellant stepped up and reached the corner of the store building on the corner of the sidewalk. Appellant stood alone on the corner. As victim and Talley passed the corner within seconds of seeing appellant, Talley heard gunshots. Talley ducked, and victim lost control of the vehicle. Talley heard victim yell that he had been shot. Victim fell over onto Talley, and the vehicle continued moving until it crashed into a building adjacent to the Sunrise Mart. Victim died from the gunshot wound he sustained during the incident.

Appellant was indicted for first-degree murder and use of a firearm in the commission of a felony. At trial, Lavell Lovelace testified that after the incident, he and appellant were in custody together at a detention home. During that time, appellant informed Lovelace that he shot the victim as a result of an altercation.

At the close of the evidence, appellant proffered a voluntary manslaughter jury instruction,[1] claiming there was more than a "scintilla of evidence"[2] to justify the instruction.

---

[1] The voluntary manslaughter instruction stated, in relevant part, as follows:

> If you find that the Commonwealth has failed to prove beyond a reasonable doubt that the killing was malicious but that the Commonwealth has proved beyond a reasonable doubt that the defendant killed Joshua Dewberry and further:
> (1) That the killing was the result of an intentional act; and
> (2) That the killing was committed while in the sudden heat of passion upon reasonable provocation;
> then you shall find the defendant guilty of voluntary manslaughter.

[2] "[A] jury instruction may not be submitted to the jury unless 'the evidence asserted in support of such an instruction . . . amount[s] to more than a scintilla.'" Turman v. Commonwealth, 276 Va. 558, 564, 667 S.E.2d 767, 770 (2008) (quoting Porter v. Commonwealth, 276 Va. 203, 241, 661 S.E.2d 415, 434 (2008)) (citations omitted).

Specifically, appellant claimed that Talley's testimony indicated "there was some sort of argument between the alleged shooter and [victim]" and, therefore, the evidence justified the voluntary manslaughter instruction. The trial court disagreed and rejected appellant's jury instruction. The trial court gave the jury instructions pertaining to first and second-degree murder, as well as use of a firearm in the commission of a felony. The jury found appellant guilty of second-degree murder and use of the firearm in the commission of the felony. This appeal followed.

## II. ANALYSIS

On appeal, appellant contends the trial court erred in refusing to instruct the jury on the lesser-included offense of voluntary manslaughter. Specifically, he claims the evidence showed that an argument ensued between appellant and victim. The argument, he asserts, revealed the presence of heat of passion in his mind and provocation on the part of the victim, sufficient to justify the voluntary manslaughter instruction. We disagree.

"When reviewing a trial court's refusal to give a proffered jury instruction, we view the evidence in the light most favorable to the proponent of the instruction." Commonwealth v. Vaughn, 263 Va. 31, 33, 557 S.E.2d 220, 221 (2002). "'The trial judge has broad discretion in giving or denying instructions requested.'" Gaines v. Commonwealth, 39 Va. App. 562, 568, 574 S.E.2d 775, 778 (2003) (en banc) (quoting John L. Costello, Virginia Criminal Law and Procedure § 60.6-8, 810 (2d ed. 1995)). "A reviewing court's responsibility in reviewing jury instructions is 'to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)).

"[A] jury instruction may not be submitted to the jury unless 'the evidence asserted in support of such an instruction . . . amount[s] to more than a scintilla.'" Turman v.

- 3 -

Commonwealth, 276 Va. 558, 564, 667 S.E.2d 767, 770 (2008) (quoting Porter v. Commonwealth, 276 Va. 203, 241, 661 S.E.2d 415, 434 (2008)) (citations omitted). "Although [the term 'scintilla'] has a generally accepted meaning of 'a spark' or 'the least particle,' see, e.g., Black's Law Dictionary 1345 (6th ed. 1990), the precise limitations of this term must necessarily be determined in the factual context of a particular case." Brandau v. Commonwealth, 16 Va. App. 408, 411, 430 S.E.2d 563, 565 (1993). "If the instruction is not applicable to the facts and circumstances of the case, it should not be given." Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001) (citing Hatcher v. Commonwealth, 218 Va. 811, 813-14, 241 S.E.2d 756, 758 (1978)).

Addressing appellant's arguments in this matter requires us to consider the factual predicates necessary to support the various degrees of homicide recognized in the Commonwealth. In this regard, "every malicious homicide is murder." Barrett v. Commonwealth, 231 Va. 102, 105, 341 S.E.2d 190, 192 (1986) (citing Wooden v. Commonwealth, 222 Va. 758, 762, 284 S.E.2d 811, 814 (1981)). "Manslaughter, on the other hand, is the unlawful killing of another without malice." Id. (citing Moxley v. Commonwealth, 195 Va. 151, 158, 77 S.E.2d 389, 393 (1953)). To reduce a homicide from murder to voluntary manslaughter, "it must appear that the killing was done in the heat of passion and provoked by adequate legal provocation." Martin v. Commonwealth, 184 Va. 1009, 1016-17, 37 S.E.2d 43, 46 (1946). "Heat of passion is determined by the nature and degree of the provocation and may be founded upon rage, fear, or a combination of both." Barrett, 231 Va. at 106, 341 S.E.2d at 192 (citations omitted). "Words alone, no matter how insulting, are never sufficient to constitute heat of passion." Rhodes v. Commonwealth, 41 Va. App. 195, 201, 583 S.E.2d 773, 776 (2003).

Under these circumstances, the record does not contain the "more than a scintilla of evidence" under Turman and its progeny supporting the voluntary manslaughter instruction. At

- 4 -

best, the evidence indicated that victim yelled a statement to appellant pertaining to appellant or one of his cohorts exposing a gun to victim, and in response to victim's statement, appellant replied, "What?" "The long-standing rule in Virginia is that '[w]ords alone, however insulting or contemptuous, are *never* a sufficient provocation' for one to seriously injure or kill another." Caudill v. Commonwealth, 27 Va. App. 81, 85, 497 S.E.2d 513, 515 (1998) (quoting Canipe v. Commonwealth, 25 Va. App. 629, 643, 491 S.E.2d 747, 754 (1997)). The interaction between appellant and victim amounted to nothing more than the exchange of a few words. Even considering this exchange of words in conjunction with appellant's statement to Lovelace that he shot victim because of an altercation does not establish by more than a scintilla of evidence that appellant experienced heat of passion in his state of mind when he shot victim and that there was reasonable provocation on the part of victim. We conclude, therefore, the trial court did not abuse its discretion in refusing to instruct the jury on the lesser-included offense of voluntary manslaughter.

## III.  CONCLUSION

For these reasons, we affirm the judgment of the trial court and appellant's convictions.

Affirmed.